IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:

NANCY AKBARI-SHAHMIRZADI                    CV 14-982 JB/WPL
a/k/a. Nancy Jacoby,

      Debtor/Appellant.


**ORDER DENYING MOTION FOR LIMITED STAY**

    This is the second of two pro se appeals from Orders entered in Bankruptcy No. 11-15351-t11 (the "Bankruptcy Proceedings"), and debtor/appellant Nancy Akbari-Shahmirzadi's ("Akbari") has lodged both in federal district court, rather than with the Bankruptcy Appellate Panel. In this case, Akbari appeals Bankruptcy Judge David Thuma's October 27, 2014, Order Confirming First Amended Plan of Liquidation Filed by Charlotte Leff, Executrix of the Estate of Jacoby June 20, 2014 ("Confirmation Order"). (Bankr. Doc. 261.)[1] In a separate federal case, CIV 14-981 MV/KBM, Akbari appeals Judge Thuma's Order Denying Confirmation of Debtor's Plan. (Bankr. Doc. 258.) The record from the Bankruptcy Proceedings has not been filed in either case, so no briefing schedules have been issued.

    This matter comes before me on Akbari's Emergency Motion for a Limited Stay (Docs. 2, 3), assorted affidavits in support of her motion (Docs. 4-6), and Charlotte Leff (Executrix) and Philip J. Montoya's (Trustee) Response and Memorandum (Docs. 8, 9). Akbari did not file a reply. Akbari filed the Motion on November 10, 2014, at the expiration of the fourteen-day period following the complained of Confirmation Order. As of November 11, 2014, the Leff Plan, presumably, went into effect. Even if I were inclined to grant the stay, Akbari's delay in

---

[1] "Bankr. Doc." refers to filings in the United States Bankruptcy Court for the District of New Mexico, cause no. 11-15351-t11.

filing this motion, which would have prohibited Leff from responding before the plan went into effect, made it impossible to decide before the Leff Plan went into effect. For the reasons stated below and the fact that the Leff Plan is already in effect, I conclude that Akbari's Emergency Motion for Limited Stay is not well-taken and, therefore, it is denied.

"'In reviewing a bankruptcy court decision under 28 U.S.C. § 158(a) . . . , the district court[s] . . . apply the same standards of review that govern appellate review in other cases.'" *In re Mallo*, --- F.3d ---, ---, 2014 WL 7360130, at *2 (10th Cir. Dec. 29, 2014) (quoting *In re Troff*, 488 F.3d 1237, 1238-39 (10th Cir. 2007)). "'Accordingly [I] review the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard.'" *In re Vaughn*, 765 F.3d 1174, 1180 (10th Cir. 2014) (quoting *Conoco v. Styler* (*In re Peterson Distrib., Inc.*), 82 F.3d 956, 959 (10th Cir. 1996)).

Federal Rule of Bankruptcy Procedure 8005 provides that a motion for stay pending appeal of a decision by a bankruptcy judge must first be made to the bankruptcy judge. Akbari complied with this procedural requirement. (*See* Bankr. Doc. 283 at 3.)

When considering a motion to stay pending appeal, a bankruptcy court considers four factors: "'(1) whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Akbari must satisfy all four factors to obtain a stay. *See Moore v. Tangipahoa Parish Sch. Bd.*, 507 F. App'x 389, 392 (5th Cir. 2013) (unpublished). However, if Akbari could show that the other three factors went significantly in her favor, the "probability of success" factor would be "somewhat relaxed." *F.T.C. v. Mainstream Mktg.*

2

*Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003). Under the relaxed standard, Akbari could satisfy that prong by showing that "questions going to the merits [are] so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Id.* at 853 (quotation omitted).

Because the record has not been filed in this case, I have no reason to find clear error in Bankruptcy Judge Thuma's recitation of the facts in his Memorandum Opinion. (Bankr. Doc. 283.) The only information available that would controvert Judge Thuma's findings are the assertions of Akbari. Without more, this does not qualify as clear error. Therefore I will apply the facts as determined by the bankruptcy court to the framework set out in *Nken*. 556 U.S. at 426.

As to the first prong, whether Akbari has made a strong showing that she is likely to succeed on the merits, Akbari argues that the district court is likely to reverse the bankruptcy court's determination that the exclusivity period had expired. Akbari claims that she filed a Chapter 11 plan prior to the expiration of the 120-day period prescribed in 11 U.S.C. § 1121(b). (Doc. 2 at 2.) However, Akbari did not actually file a plan or a disclosure statement until May 5, 2014, more than eight months after this term expired. (Bankr. Doc. 283 at 5.) Without filing a plan before the expiration of the 120-day statutory period, Akbari has little hope of having the district court reverse this determination and find that the exclusivity period had not expired. I conclude that Akbari fails to meet the first prong of *Nken*.

Of course, if Akbari could show that the remaining three factors cut significantly in her favor, this standard would be relaxed. However, even under the relaxed standard, Akbari has failed to establish that "questions going to the merits" are so significant or substantial that they deserve "more deliberate investigation." *Mainstream Mktg.*, 345 F.3d at 853.

Because Akbari fails to meet the first requirement of *Nken*, under the typical or relaxed standards, and because all four prongs of *Nken* must be met for a petitioner to be entitled to a stay during the pendency of an appeal, I find that Akbari has failed to meet her burden and is not entitled to a stay of the bankruptcy court's Confirmation Order.

Akbari's Emergency Motion for Limited Stay (Doc. 2) is denied.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.