IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:

NANCY AKBARI-SHAHMIRZADI
a/k/a Nancy Jacoby,

        Debtor/Appellant.

No. CIV 14-0982 JB/WPL
*consolidated with*
No. CIV 14-0981 JB/WPL

**ORDER DENYING MOTION TO RECONSIDER**

This matter comes before me on debtor/appellant Nancy Akbari-Shahmirzadi's ("Akbari") Motion to Reconsider the Order Denying Appellant's Emergency Motion for Limited Stay. (Doc. 27.) Neither Executrix Leff nor Liquidating Trustee Montoya responded. Akbari asks me to reconsider my decision declining to grant an emergency stay of the confirmed plan. (Doc. 13.)

"Generally, a 'motion for reconsideration [is] not recognized by the Federal Rules of Civil Procedure[.]" *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (quoting *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992)). These motions may be construed as a Rule 59(e) motion to alter or amend the judgment, or as a motion for relief from an order under Rule 60(b). *Id.* Akbari purports to bring this motion under Rule 59 of the Federal Rules of Bankruptcy Procedure. (Doc. 27 at 1.) No such rule exists. Because Akbari proceeds *pro se*, I must liberally construe her pleadings and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citation omitted). Akbari does not appeal from a final order or judgment, therefore I interpret Akbari's motion as coming under Rule 60(b) of the Federal Rules of Civil Procedure,

seeking relief from an order. Reconsideration of a court's prior decision is within that court's sound discretion. *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). In support of her motion, Akbari argues that she is likely to succeed on appeal on the issue of whether Bankruptcy Judge Thuma's order granting her an extension of time under 11 U.S.C. § 1121(b) also extended the period of exclusivity; that I improperly considered the timing of her emergency motion in this denial; and that the confirmed plan filed by Executrix Leff had not commenced at the time of the emergency motion and there has been no activity by the real estate company as of January 13, 2015.

Akbari does not argue that there has been an intervening change in controlling law, that the incorrect law was applied, or that previously unavailable evidence came to light. Akbari does nothing more than conclusorily state that the "questions going to the merits" of her case "are so significant or substantial that they deserve more deliberate investigation." (Doc. 27 at 3 (quotation omitted).) In support of this proposition, Akbari cites, without explanation, the "relaxed standards afforded under" *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850 (10th Cir. 2003). Akbari failed to establish clear error or show that manifest injustice would result from the order denying an emergency stay.

Akbari failed to establish any ground warranting reconsideration. Therefore, I deny her motion for reconsideration.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.