# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

In Re:

NANCY AKBARI-SHAHMIRZADI
a/k/a Nancy Jacoby,

Debtor/Appellant.

No. CIV 14-0982 JB/WPL
*consolidated with*
No. CIV 14-0981 JB/WPL

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Debtor/Appellant Nancy Akbari-Shahmirzadi ("Akbari") appeals from the Order Denying Confirmation of Chapter 11 Plan (Record "R." 581, 590) and the Order Confirming First Amended Plan of Liquidation Filed by Charlotte Leff, Executrix of the Estate of Jacoby (R. 592).[1] Akbari requests that this Court reinstate her as debtor-in-possession ("DIP") and give her control of the management and sale of certain properties, remand the case for a hearing on the issue of an alleged oral settlement agreement, reverse the bankruptcy judge's order denying confirmation of Akbari's proposed plan and remand the case to the bankruptcy judge for further proceedings to determine if the plan was confirmable, and/or give Akbari the opportunity to rework her plan and solicit votes.

Having considered the parties' filings and the relevant law, I recommend that the Court dismiss those portions of Akbari's appeal that were not properly noticed under Federal Rule of Appellate Procedure 3(c) and affirm the bankruptcy judge's order denying confirmation of Akbari's plan as a matter of law.

---

[1] All "R." citations are to the record provided from the Bankruptcy Court. The record can be found at No. CIV 14-0982 JB/WPL, Nos. 14-25.

**STANDARD OF REVIEW**

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts pursuant to 28 U.S.C. § 158(a). The district court applies the same standards of review that govern appellate review in other cases. *See, e.g.*, *Sender v. Johnson (In re Hedged-Investments Assocs., Inc.)*, 84 F.3d 1267, 1268 (10th Cir. 1996). The bankruptcy court's legal determinations are reviewed de novo, and its factual findings are reviewed for clear error. *Phillips v. White (In re White)*, 25 F.3d 931, 933 (10th Cir. 1994).

Because Akbari proceeds pro se, I construe her pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for pro se litigants' "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

**BACKGROUND**

Akbari, a retired attorney, filed for chapter 7 bankruptcy on December 14, 2011. On June 21, 2013, Akbari filed an opposed motion to convert the case to a chapter 11 bankruptcy. On July 19, 2013, Akbari filed a draft plan of liquidation. The parties met on October 8, 2013, and reached a settlement agreement to convert the case to chapter 11. The settlement agreement was read into the record and reduced to writing in an order converting the case on November 22, 2013. At that time, Akbari became the DIP in chapter 11.

2

Akbari began representing herself pro se on February 24, 2014. Akbari did not file a chapter 11 plan within the 120-day exclusivity period specified in 11 U.S.C. § 1121(b), and instead filed a "Motion to Extend Time for Filing of a Final Chapter 11 Plan" on March 24, 2014, the last day of the exclusivity period.[2] Akbari did not request an extension of the exclusivity period. Charlotte Leff, executrix of the Jacoby Estate, filed a Plan of Liquidation on April 10, 2014.

Bankruptcy Judge David Thuma granted Akbari additional time to file a plan so that her plan could be scheduled for confirmation at the same time as the Leff plan, but specifically denied Akbari any extension of the exclusivity period. Akbari filed a motion to reconsider the court's order denying an extension of the exclusivity period. Judge Thuma denied the motion. Akbari subsequently filed her plan within the allotted time period.

The Akbari and Leff plans were scheduled for a confirmation hearing on October 17, 2014. Leff provisionally filed a motion to convert the case back to chapter 7 if neither plan was confirmed. Akbari objected to confirmation of the Leff plan; Leff and the United States Trustee objected to confirmation of Akbari's plan; and the New Mexico Taxation and Revenue Department object to confirmation of either plan.

At the confirmation hearing, the ballots were tallied, and Akbari's plan received no ballots accepting her plan and one ballot rejecting her plan. Judge Thuma ruled that Akbari's plan could not be confirmed, as a matter of law, because it failed to meet the requirements of § 1129(a)(10). Judge Thuma then considered confirmation of the Leff plan.

Judge Thuma entered an order denying confirmation of Akbari's plan on October 22, 2014. Upon finding that the Leff plan met the requirements of § 1129(a), modifying certain provisions of the plan to address some of Akbari's arguments at the confirmation hearing, and

---

[2] Unless otherwise noted, all statutory references are to 11 U.S.C.

incorporating an agreement between Leff and the New Mexico Taxation and Revenue Department which resulted in the department withdrawing its objection, Judge Thuma entered an order on October 27, 2014, confirming the Leff plan.

Akbari timely filed two notices of appeal. On October 30, 2014, Akbari filed a notice of appeal from the October 22 Order Denying Confirmation of Debtor's Plan (No. CIV 14-0981 JB/WPL, No. 1 at 3), and a notice of appeal from the October 27 Order Confirming First Amended Plan of Liquidation filed by Charlotte Leff Executrix of the Estate of Eleanor Jacoby (No. CIV 14-0982 JB/WPL, No. 1 at 3).[3]

### DISCUSSION

Akbari identifies several issues on appeal: 1) whether the draft Akbari submitted on July 19, 2013, met the requirements of § 1121(b) to preserve the exclusivity period; 2) whether the order giving Akbari a deadline by which to file her plan to keep it on track with the Leff plan also extended Akbari's right of exclusivity under § 1121(b); 3) whether the bankruptcy judge erred by not holding an evidentiary hearing on Akbari's claim that the parties entered into a binding oral settlement on October 8, 2013, when the parties agreed to convert the case to chapter 11; and 4) whether the bankruptcy judge erred in concluding that Akbari's plan could not satisfy the requirements of § 1129(a)(10). Akbari asks the Court to reinstate her as DIP, remand the case to the bankruptcy judge for a hearing on the alleged settlement agreement, reverse the bankruptcy judge's conclusion that Akbari's plan was not confirmable under § 1129(a)(10), and give Akbari the opportunity to amend her plan and solicit votes.

Leff responds that Akbari attempts to argue issues regarding judgments or orders that are not presented on appeal. Leff makes two contentions on this point: 1) that Akbari only appealed the order denying confirmation of her plan and confirming Leff's plan, and 2) that Akbari

---

[3] Unless otherwise noted, all further citations to documents refer to No. CIV 14-0982 JB/WPL.

attempted to appeal issues not within the jurisdiction of this Court under 28 U.S.C. § 158(a). On the merits, Leff argues that the order denying confirmation of Akbari's plan and the order confirming Leff's plan should be affirmed.

## I.        Issues Being Appealed

The district courts have jurisdiction to hear appeals "(1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under [§ 1121(d)] increasing or decreasing the time periods referred to in [§ 1121]; and (3) with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). Appeals from bankruptcy court orders that fall under 28 U.S.C. § 158(a) are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." *Id.* at § 158(c)(2). Therefore, the Federal Rules of Appellate Procedure apply, except that the notice of appeal must be filed within fourteen days after entry of the order, decree, or judgment being appealed. FED. R. BANKR. P. 8002(a).

Civil cases are appealed to the appellate court by filing a notice of appeal. FED. R. APP. P. 3(a). Rule 3(c)(1)(B) states that the notice of appeal must "designate the judgment, order, or part thereof being appealed." The specific designation requirement for a notice of appeal "constitutes a mandatory requirement and the jurisdiction of [the] court on appeal is limited to review of the judgment or portion thereof designated." *Scaramucci v. Dresser Indus.*, 427 F.2d 1309, 1318 (10th Cir. 1970). This Court only has jurisdiction to address issues raised in the notice of appeal. *Phillips v. James*, 422 F.3d 1075, 1081 (10th Cir. 2005) (citing *Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997)). However, "[w]hen a notice of appeal fails to designate the order from which the appeal is taken, . . . jurisdiction will not be defeated if other papers[, such as a docketing statement,] filed within the time period for filing the notice of appeal provide the

'functional equivalent' for what Rule 3 requires." *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988)). Additionally, an opening brief may be construed as the equivalent of a notice of appeal if it provides notice in accordance with Rule 3 and is filed within the statutory period to appeal. *Kimzey v. Flamingo Seismic Sols., Inc.*, 696 F.3d 1045, 1049-50 (10th Cir. 2012).

In this case, Akbari filed two notices of appeal for two separate cases—No. CIV 14-0981 JB/WPL and No. CIV 14-0982 JB/WPL—that have been consolidated. In each notice of appeal, Akbari clearly identified the order being appealed: the October 22, 2014, Order Denying Confirmation of Debtor's Plan (No. CIV 14-0981 JB/WPL, No. 1 at 3) and the October 27, 2014, Order Confirming First Amended Plan of Liquidation filed by Charlotte Leff, Executrix of the Estate of Eleanor Jacoby (Doc. 1 at 3). Akbari filed the notice of appeal from the order denying confirmation of her plan on October 30, 2014—eight days after the order was entered—and the notice of appeal from the order confirming Leff's plan on the same date—three days after the order was entered. Akbari did not file an amended notice of appeal or a docketing statement. Akbari filed an emergency motion to stay in both cases on November 10, 2014—on the last day of the fourteen-day period to appeal from the ordering confirming Leff's plan, but after time had expired on the order denying confirmation of Akbari's plan.

Akbari's Emergency Motion for a Limited Stay disputed a July 1, 2014, memorandum opinion and order denying Akbari's motion for summary judgment. Akbari's motion for a limited stay focused on the terms of the October 8, 2013, settlement agreement and the July 1, 2014, order denying summary judgment, rather than on Akbari's claim that she filed a chapter 11 plan during the exclusivity period. (Doc. 2 at 2.) Akbari argues that bankruptcy judge erred by

not extending her time for exclusivity, but does not cite to an order or judgment on this point. (*Id.* at 3.)

In her brief, Akbari does not argue that the July 1, 2014, order was improperly decided and does not appeal on this point. Akbari's Emergency Motion for a Limited Stay is the only other paper filed during the period to appeal that could qualify as providing notice under Rule 3. However, on the issue of whether the exclusivity period should have been extended, Akbari's Emergency Motion for a Limited Stay does not meet the requirements of Rule 3 because it does not identify an order, judgment, or decree. FED. R. APP. P. 3(c)(1)(B). I recommend that the Court find that Akbari did not appropriately appeal from any order denying Akbari an extension of the exclusivity period under § 1121(b) and did not appropriately raise any issue relating to whether a plan filed on July 19, 2013, constituted a plan under chapter 11 and preserved the exclusivity period.

Additionally, neither order from which Akbari appealed made mention of the alleged settlement agreement, and Akbari did not mention the agreement or her request to have an evidentiary hearing on the settlement agreement in her notices of appeal or the motion to stay. Akbari failed to provide adequate notice of her intent to appeal this alleged error.

This Court therefore does not have jurisdiction over the first three issues Akbari presents on appeal. I recommend that the Court dismiss these issues for failure to provide adequate notice in accordance with Rule 3.

Finally, although Akbari filed a notice of appeal as the bankruptcy judge's order confirming Leff's plan, Akbari does not mention this order in her briefing and provides no argument as to why the order should be reversed. Issues and arguments not advanced in an appellant's opening brief are waived. *Bronson v. Swenson*, 500 F.3d 1099, 1105 (10th Cir. 2007).

Therefore, I recommend that the Court conclude that Akbari waived any argument as to the order confirming Leff's plan.

**II.      Order Denying Confirmation of Akbari's Plan**

Akbari properly appealed the order denying confirmation of her plan on the basis that it was not confirmable, as a matter of law, because the plan did not meet the requirements of § 1129(a)(10). On appeal, Akbari maintains that her plan should have been considered for confirmation because it met the requirements of § 1129(a)(10). Akbari cites *In re Ruti-Sweetwater, Inc.*, 836 F.3d 1263 (10th Cir. 1988), for the proposition that non-voting creditors in an impaired class are considered to have accepted the plan, which render her plan confirmable because at least one class of impaired creditors did not vote at all. Akbari raised this argument to the bankruptcy judge and properly preserved the issue for appeal. Leff argues in response that Akbari's argument over the order denying confirmation of Akbari's plan hinges entirely on the exclusivity period. I have already dispensed with Akbari's exclusivity arguments. To the contrary, Akbari's argument on the order denying confirmation of her plan turns on the legal question of whether the bankruptcy judge erred in concluding that Akbari's plan was not confirmable because it did not comply with § 1129(a)(10).

The bankruptcy judge noted that a chapter 11 plan can be confirmed only if all requirements of § 1129(a) are met. (R. 582.) Section 1129(a)(10) states that a plan can be accepted only "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including the acceptance of the plan by any insider." The bankruptcy judge acknowledged Akbari's argument regarding *Ruti-Sweetwater*, discussed the case and the manner in which other courts have addressed it, and noted the distinction between "deemed acceptance" for §§ 1129(a)(8), (b), and "actual

acceptance" for § 1129(a)(10). (R. 585-86.) The bankruptcy judge concluded that Akbari's plan could not be confirmed because it was not actually accepted by at least one impaired class, as required by § 1129(a)(10). Additionally, the bankruptcy judge noted that Akbari's plan had three other problems that rendered it unconfirmable on its face, but these issues were not addressed by Akbari.

In *Ruti-Sweetwater*, one creditor—the Heins—comprised the sole membership in a class of one secured creditor. 836 F.2d at 1264. There were numerous other classes of secured and unsecured creditors in the case. *Id.* Heins did not object to or vote on the plan that was later confirmed. *Id.* At the confirmation hearing, the bankruptcy judge held that non-voting creditors were deemed to have accepted the plan for purposes of the "cram-down" provisions of § 1129(a)(8). *Id.* The district court upheld the interpretation "that a non-voting, non-objecting creditor who is the only member of a class, such as the Heins, is deemed to have accepted the plan for purposes of § 1129(b)." The Tenth Circuit approved of this reasoning, but noted that "actual acceptance of a plan by at least one class of impaired claims is necessary for a bankruptcy court's confirmation of a plan under § 1129(a)(10)." *Id.* at 1267 (citation omitted). "Once a class of impaired claims has accepted a plan, a plan may be 'crammed down' over the objections of every other class of creditors pursuant to § 1129(b)." *Id.* (citation omitted).

On appeal, Akbari again urges her interpretation of the *Ruti-Sweetwater* decision. Akbari contends that a creditor's failure to vote, which counts as deemed acceptance under § 1129(a)(8) pursuant to *Ruti-Sweetwater*, also qualifies as actual acceptance for the purposes of § 1129(a)(10). Akbari argues that, because none of the creditors in Class 3 of her plan—an impaired class—voted at all, that Class 3 is deemed to have accepted her plan as required by § 1129(a)(10).

The Tenth Circuit was quite clear, however, that "actual acceptance of a plan by at least one class of impaired claims is necessary for a bankruptcy court's confirmation of a plan under § 1129(a)(10), *Hanson v. First Bank of S.D., N.A.*, 828 F.2d 1310, 1313 (8th Cir. 1987)." *Ruti-Sweetwater*, 836 F.2d at 1267. The only vote on Akbari's plan—cast by Discover—was to reject the plan. (R. 576, 587.) The bankruptcy judge concluded, and I agree, that the failure of any class of impaired creditors to actually accept the plan rendered it unconfirmable as a matter of law under § 1129(a)(10). Section 1129(a)(10) requires actual acceptance by at least one class of impaired creditors: deemed acceptance under § 1129(a)(8) cannot substitute for actual acceptance. *See Ruti-Sweetwater*, 836 F.2d at 1267.

Further, Akbari has not challenged the bankruptcy judge's conclusion that there are three other problems with her plan that render it unconfirmable on its face. (R. 587.) Even if the Court were to agree that Akbari's plan qualified under § 1129(a)(10), it could affirm the bankruptcy judge's order denying confirmation of Akbari's plan on this alternative basis.

I recommend that the Court affirm the bankruptcy judge's order denying confirmation of Akbari's plan.

## CONCLUSION

Akbari failed to provide adequate notice of appeal, procedurally or functionally, of her first three issues. Therefore, those issues have been waived. Akbari's plan was not confirmable as a matter of law under § 1129(a)(10) because no class of impaired creditors actually accepted her plan. I recommend that the Court dismiss the issues on appeal that were waived for failure to provide notice, and affirm the bankruptcy judge's order denying confirmation of Akbari's plan.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.