## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

In Re:

NANCY AKBARI-SHAHMIRZADI
a/k/a Nancy Jacoby,

           Debtor/Appellant.

No. CIV 14-0982 JB/WPL
*consolidated with*
No. CIV 14-0981 JB/WPL

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AFFIRMING THE BANKRUPTCY COURT, AND DISMISSING THE APPEAL WITH PREJUDICE

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 30, 2015 (Doc. 48)("PFRD"); (ii) Debtor/Appellant Nancy Akbari-Shahmirzadi's Objections to Proposed Findings and Recommended Disposition Entered by Magistrate William P. Lynch on June 30, 2015, filed July 13, 2015 (Doc. 49)("Objections"); and (iii) Akbari's Notice of Appeal, filed October 30, 2014 (Doc. 1)("Notice of Appeal").   The primary issues are: (i) whether Judge Lynch correctly concluded that the Court lacks jurisdiction to adjudicate certain of Akbari's arguments, because she failed to appropriately address those arguments in her notice of appeal and therefore waived them on appeal; (ii) whether Judge Lynch misinterpreted and misapplied the holding of In re Ruti-Sweetwater, Inc., 836 F.2d 1263 (10th Cir. 1988), by concluding that 11 U.S.C. § 1129(a)(10) requires at least one class of impaired creditors to accept a plan, whereas 11 U.S.C. § 1129(a)(8) and (b) can be satisfied through the deemed acceptance of a non-voting, non-objecting creditor; and (iii) whether Judge Lynch erred in concluding that, even if Akbari's plan qualified under 11 U.S.C. § 1129(a)(10), her plan was still unconfirmable on its face.  Because the Court agrees in part with the Honorable William P. Lynch, United States Magistrate Judge

for the District of New Mexico's conclusions, the Court will adopt the PFRD, as amended and supplemented herein, affirm the Bankruptcy Court, and dismiss the appeal with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The PFRD thoroughly laid out the relevant factual and procedural background. The Court will not repeat that background here.

## LAW REGARDING BANKRUPTCY APPEALS

District courts have jurisdiction pursuant to 28 U.S.C. § 158(a) to hear appeals from the Bankruptcy Courts' final judgments, orders, and decrees. The district court applies the same standards of review that govern appellate review in other cases. See, e.g., Sender v. Johnson (In re Hedged-Investments Assocs., Inc.), 84 F.3d 1267, 1268 (10th Cir. 1996). The Bankruptcy Court's legal determinations are reviewed de novo, and its factual findings are reviewed for clear error. See Phillips v. White, 25 F.3d 931, 933 (10th Cir. 1994)("In re White")

Because Debtor/Appellant Nancy Akbari-Shahmirzadi proceeds pro se, the Court must construe her pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. See Weinbaum v. City of Las Cruces, 541 F.3d 1017, 1029 (10th Cir. 2008)(citing Hall v. Bellmon, 935 F.2d 1106, 1100 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)(quoting Hall v. Bellmon, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d at 840.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quotations omitted)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the

Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").   In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. § 631, in 1968.

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value

In <u>One Parcel</u>, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would

> with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Pevehouse v. Scibana and Salazar v. Seagrave, 204 F. App'x 723, 726 (10th Cir. 2006) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Circuit Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a 'de novo determination' rather than de novo hearing, Congress

intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).   The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th

Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.   The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the

Plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  See 2013 WL 1010401, at *1, *4.  The Court generally does not, however, "review the PFRD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.).  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD.");  Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting:  "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").  This review, which is deferential to the Magistrate Judge's work when there is no objection,

nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

Akbari objects to the PFRD on essentially three grounds. First, she takes issue with Judge Lynch's conclusion that the Court lacks jurisdiction to adjudicate certain of her arguments, because she failed to appropriately address those arguments in her notice of appeal and therefore waived those issues on appeal. Akbari urges the Court to rule de novo on the three claims that Judge Lynch determined she failed to preserve for appeal. Second, Akbari contends that Judge Lynch misinterpreted and misapplied the holding of In re Ruti-Sweetwater, Inc., 836 F.2d at 1263, by concluding that 11 U.S.C. § 1129(a)(10) requires at least one class of impaired creditors to actually accept a plan, whereas 11 U.S.C. § 1129(a)(8) and (b) can be satisfied through the deemed acceptance of a non-voting, non-objecting creditor. Finally, Akbari appears to argue that Judge Lynch erred in concluding that, even if her plan qualified under 11 U.S.C. § 1129(a)(10), her plan was still unconfirmable on its face. Akbari contends that this conclusion was error, because she did not receive the benefit of an extended exclusivity period and therefore the present factual universe is materially different than it would have been had she received an extended exclusivity period.

I.     **AKBARI PROVIDED FAIR NOTICE UNDER FEDERAL RULE OF APPELLATE PROCEDURE 3(c) OF HER APPEAL OF ALL PREVIOUS INTERLOCUTORY ORDERS.**[3]

Akbari contends that her identification of the October 27, 2014, Order Confirming First Amended Plan of Liquidation filed by Charlotte Leff, Executrix of the Estate of Eleanor Jacoby, filed October 27, 2014 in the Bankruptcy Court (Doc. 261), filed January 9, 2015 in the District Court (Doc. 19), constituted fair notice of appeal for all interlocutory orders merged therein. Akbari cites In re Lewis, 247 F. App'x 998, 1002 (10th Cir. 2007)(unpublished), for the proposition that rule 3 of the Federal Rules of Appellate Procedure is satisfied by an appeal from a final order, which merges all interlocutory orders, despite that the appellant did not list each interlocutory order from which she appealed.   In re Lewis relies, however, on Cooper v. American Automobile Insurance Co., 978 F.2d 602, 607-09 (10th Cir. 1992), for this point.  In re Lewis, 247 F. App'x at 1002 (quoting Montgomery v. City of Ardmore, 365 F.3d 926, 934 (10th Cir. 2004)(quoting McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1104 (10th Cir. 2002)(citing Cooper v. American Auto. Ins. Co., 978 F.3d at 607-09))).  In Cooper v. American Automobile Insurance Co., the Tenth Circuit held that a notice of appeal that named only the final judgment was sufficient to support review of a previous interlocutory order.  Unlike the Tenth Circuit's decision in Cooper v. American Automobile Insurance Co., Akbari specifically identified two orders in her notices of appeal: the October 22, 2014, Order denying confirmation of her Chapter 11 plan, and the October 27, 2014, Order confirming Executrix Leff's plan.  Here,

---

[3]Appeals from bankruptcy court orders that fall under 28 U.S.C. § 158(a) are "taken in the same manner as appeals in civil proceedings generally taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).  The Federal Rules of Appellate Procedure, including Rule 3(c), therefore apply, except that the notice of appeal must be filed within fourteen days after entry of the order, decree, or judgment being appealed.  See FED. R. BANKR. P. 8002(a).

the Court does not agree with the PFRD that Akbari's filings were insufficient to put opposing counsel on notice of her intent to appeal additional interlocutory orders.  The Court does not think that Akbari's specific designation of a non-final order in her notice of appeal, necessarily excluded an appeal of the other non-final orders.  In the Court's view, that Akbari designated a non-final order in addition to the final order on appeal, does not render inapplicable "the line of cases holding that naming a final judgment generally as the matter being appealed from is sufficient to include for appellate review all the earlier orders that have merged into the judgment."  Salazar v. Seagrave, 204 F. App'x 723, 726 (10th Cir. 2006)(unpublished)(citing McBride v. CITGO Petroleum Corp., 281 F.3d at 1104).  The Court thus concludes that Akbari preserved any appealable issue predicated on an interlocutory order by identifying a final order in her notices of appeal.

## II.    THE COURT AGREES WITH JUDGE THUMA'S INTERLOCUTORY ORDERS.

Because the Court concludes that Akbari adequately preserved her three issues based on Judge Thuma's interlocutory orders for appeal, the Court addresses each in turn.  According to Akbari, the three issues are: (i) whether the July 19, 2013, draft qualified under 11 U.S.C. § 1121(b) to extend Akbari's period of exclusivity;[4] (ii) whether the order giving Akbari a deadline by which to file her plan, to keep it on track with the Leff plan, extended Akbari's period of exclusivity under § 1121(b); and (iii) whether the Honorable David T. Thuma, United States Bankruptcy Judge, erred in not holding an evidentiary hearing on the alleged oral settlement reached on October 8, 2013.

---

[4]Unless otherwise noted, all following statutory references are to Title 11 of the United States Code.

**A.      AKBARI'S DRAFT PLAN, ATTACHED TO A FILING SUBMITTED ON JULY 19, 2013, DID NOT QUALIFY AS A "PLAN" UNDER § 1121(b).**

Akbari contends that the draft plan she submitted as an attachment to Akbari's Debtor's Reply to Objection to Motion to Convert Case, filed July 19, 2013 in the Bankruptcy Court (Doc. 44), filed January 9, 2015 in the District Court (Doc. 14), qualified as a plan submitted within the timeframe of § 1121(b) to extend her right of exclusivity.   Akbari relies on an exchange between Judge Thuma and her former counsel on October 8, 2013, in which her former counsel indicated that he had filed a draft plan that needed to be "dial[ed] . . . in a little bit" and "tweak[ed]" after the agreement to convert to a Chapter 11.   Transcript of Hearing at 16-17, filed December 18, 2014 in the Bankruptcy Court (Doc. 296); at 72-73, filed January 9, 2015 in the District Court (Doc. 20).   According to Akbari, this exchange signals that a plan of reorganization was filed as of July 19, 2013.   Akbari, however, never filed the finalized plan itself, nor a disclosure statement.   Akbari points to no authority suggesting that a provisional plan, with important details yet to be figured out, will qualify as a plan under § 1121(b).   As Judge Thuma articulated in a prior memorandum opinion in this case :

> Attaching a proposed court filing to a motion or reply does not constitute filing the document itself.   Filing a plan and disclosure statement triggers the confirmation process.   The Court sends out notice of a hearing on the disclosure statement, *see* Bankruptcy Rule 2002(b), the disclosure statement is reviewed, revised, and approved, and a final package, with ballots, is sent out to creditors for voting.   None of this was done in connection with the Draft Proposed Plan because, inter alia, the Debtor did not file it, the case was a Chapter 7 case, and the Debtor did not file a disclosure statement.

In re Akbari-Shamirzadi, 2014 WL 5798932, at *3 n.3 (Bankr. D.N.M. Nov. 7, 2014).   Being unable to find authority supporting Akbari's position, the Court concludes that Akbari's draft plan, attached to a filing on July 19, 2013, did not qualify as a "plan" under § 1121(b).

**B.      JUDGE THUMA DID NOT GRANT AKBARI AN EXTENSION OF THE EXCLUSIVITY PERIOD ON APRIL 15, 2014.**

Next, Akbari contends that on, April 15, 2014, Judge Thuma granted her an extension of the exclusivity period until May 5, 2014.  Judge Thuma was very clear at the April 15, 2014, hearing that he was having Akbari's not-yet-filed plan and the plan filed by the Estate of Jacoby "proceed towards confirmation."  Transcript of Hearing at 86 (taken April 15, 2014), filed January 9, 2015 (Doc. 20)("April 15th Hearing").  Additionally, he said that he "would like to . . . give [Akbari] a deadline to file a plan, and then . . . set kind of joint hearings on [Akbari's] disclosure statement and the [Estate of Jacoby's] disclosure statement and . . . go down the track toward dueling plans."  April 15th Hearing at 86.  The bankruptcy judge then set a deadline of May 5, 2014, by which Akbari was to file her plan.  See April 15th Hearing at 87.  Then, Judge Thuma set "a hearing on both disclosure statements" for late May 2014.  April 15th Hearing at 89.  As a final nail in the coffin of Akbari's argument, Judge Thuma issued an Order Resulting From Preliminary Hearing on Debtor's Motion to Extend Time to File Chapter 11 Plan on April 15, 2014.  See Order Resulting From Preliminary Hearing on Debtor's Motion to Extend Time to File Chapter 11 Plan at 54-55, filed January 9, 2015 (Doc. 16).  In that Order, Judge Thuma stated that "[t]o the extent, if any, the Extension Motion requested an extension of the 'exclusivity period' set forth in 11 U.S.C. § 1121(b), the motion is denied."  Order Resulting From Preliminary Hearing on Debtor's Motion to Extend Time to File Chapter 11 Plan at 55.  Judge Thuma did not grant Akbari an extension of the exclusivity period on April 15, 2014.

**C.      IT WAS NOT ERROR FOR JUDGE THUMA TO DENY AKBARI'S REQUEST FOR AN EVIDENTIARY HEARING.**

Akbari maintains that the parties entered into an oral settlement on October 8, 2013, that was not fully encompassed in the order converting Akbari's case to Chapter 11.  She argues that,

based on New Mexico contract law, there was a failure of mutual assent on October 8, 2013, and the result of any settlement is therefore null and void.  Akbari and the Jacoby Estate submitted a stipulated order in relation to the October 8, 2013, settlement.   Akbari cannot now soundly contend that she did not agree to the terms, as the stipulated order evidences, on October 8, 2013. That she is now unhappy with those terms or dissatisfied with her previous counsel is of no moment to the issue of an evidentiary hearing.  The agreement's terms were laid out in the stipulated order that the parties submitted and read into the record on October 8, 2013.  Further, the settlement agreement was reduced to writing in an order converting the case on November 22, 2013, to Chapter 11.  The parties agreed on the additional term that Akbari's home be sold last, if necessary.  Section 1109(b) of the Bankruptcy Code does provide that "any person in interest . . . may raise and may appear and be heard on any issue in a case under this chapter." The Bankruptcy Code explains that the phrase "notice and a hearing" or a "similar phrase" means notice and hearing "appropriate in the particular circumstances."  11 U.S.C. § 102(1)(A). "Bankruptcy judges enjoy broad discretion as to the type of hearing to conduct."  Bernheim v. Damon and Morey, LLP, 2007 WL 1858292, at * 2 (2d Cir. June 28, 2007)(citing In re Eliapo, 468 F.3d 592, 603 (9th Cir. 2006)(stating that hearing requirement may be satisfied by written submission that allows the applicant a "reasonable opportunity to present legal argument or supplement his application")).  See In re I Don't Trust, 143 F.3d 1, 3 (1st Cir. 1998)("The words 'after notice and hearing' denote notice and an opportunity for a hearing as appropriate in the particular circumstances, but a hearing -- much less than an evidentiary hearing -- is not required in every instance."); In re Blaise, 219 B.R. 946, 949 (B.A.P. 2d Cir. 1998)(holding, in the context of the bankruptcy court's ability to convert a Chapter 13 case to a Chapter 7 after notice and a hearing under 11 U.S.C. § 1307(c), that under 102(1)(A), in light of the ample opportunity

afforded to the appellant to contest the motion to convert, an evidentiary hearing was not required).  In sum, the Court concludes that it was not error for Judge Thuma to deny Akbari's request for an evidentiary hearing, and even if it was error, it was harmless error.

## III.   APPLICABILITY OF IN RE RUTI-SWEETWATER, INC.

Finally, Akbari reiterates the arguments that she made to the Bankruptcy Court and to this Court in the first instance with regard to the applicability of In re Ruti-Sweetwater, Inc..  The PFRD thoroughly addressed this argument.  The Court agrees with Judge Lynch's rejection of Akbari's interpretation of In re Ruti-Sweetwater, Inc..  In that case, the Tenth Circuit stated that "actual acceptance of a plan by at least one class of impaired claims is necessary for a bankruptcy court's confirmation of a plan under § 1129(a)(10)[.]"  In re Ruti-Sweetwater, Inc., 836 F.2d at 1267.  The Tenth Circuit distinguished between § 1129(a)(8) and § 1129(a)(10) with regard to the impact of nonvoting creditors.  The only vote cast on Akbari's plan was to reject the plan.  As the PFRD recommends, the Court concludes that actual acceptance by at least one class of impaired creditors is required for the plan to be confirmable under § 1129(a)(10); deemed acceptance under § 1129(a)(8) cannot substitute for actual acceptance in this case.  See In re Ruti-Sweetwater, Inc., 836 F.2d at 1267.

As the PFRD further elaborates, the Court concludes that at least one class of impaired creditors did not accept Akbari's plan, and her plan is therefore unconfirmable as a matter of law under § 1129(a)(10).  The Court declines to address any additional problems relating to Akbari's plan for the above stated reason.  Accordingly, the Court adopts the recommendation in the PFRD and affirms Judge Thuma's order denying confirmation of Akbari's plan.

In conclusion, Akbari timely objected to the PFRD, but the Objections are without merit. The Court has reviewed de novo the portions of the PFRD to which she objects.  As explained

above, the Court will adopt the PFRD as amended and supplemented in this Memorandum Opinion and Order.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 30, 2015 (Doc. 48), is adopted as amended and supplemented herein; (ii) the Bankruptcy Court's judgments, Order Denying Confirmation of Debtor's Plan, filed October 22, 2014 in the Bankruptcy Court (Doc. 258), filed January 9, 2015 in the District Court (Doc. 19) and Order Confirming First Amended Plan of Liquidation Filed by Charlotte Leff, Executrix of the Estate of Jacoby June 20, 2014, filed October 27, 2014 in the Bankruptcy Court (Doc. 261), filed January 9, 2015 in the District Court (Doc. 19), are affirmed; and (iii) this appeal is dismissed with prejudice.



_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Nancy Akbari-Shahmirzadi
Las Cruces, New Mexico

     *Debtor pro se*

George M. Moore
Moore, Berkson & Gandarilla, P.C.
Albuquerque, New Mexico

     *Attorney for Appellees Charlotte Leff and Philip J. Montoya*